## L. BILLS et al. *v.* O. B. POLK et al.

1. ATTORNEYS. *Services.* An attorney is entitled to a reasonable compensation for his services, if faithfully and intelligently discharged, without regard to the benefit such services may be to his client.

2. SAME. *Same.* An attorney does not guarantee the accuracy of all he does, and is only bound for reasonable skill, knowledge and attention to business entrusted to his care. He is responsible for loss or damage resulting from culpable neglect.

---

### FROM HARDEMAN.

---

Appeal in error from the Circuit Court of Hardeman County. T. J. FLIPPIN, J.

C. A. MILLER and JESSE NORMENT for Plaintiffs.

F. FENTRESS for Defendants.

FREEMAN, J., delivered the opinion of the Court

This suit is brought by Thomas K. Smith, the testator of plaintiffs, for professional services rendered defendant's intestate in a suit pending at the death of J. J. Polk, and which was still pending at the death of Smith.

The suit is to recover the value of the services, and is not on a special contract, the averments showing that Smith died before the termination of the suit. A *quantum meruit* is the nature of the action for the value of the service actually rendered.

The services are abundantly proven, and their value fixed by attorneys familiar with them, they showing they were effectually rendered. There is no conflict in the proof on this question.

The defense is rested legally on the ground that an original attachment was not effective to hold the property, by reason of the defective return of the levy by the Sheriff. It is also shown that subsequently an ancillary attachment was sued out, and was deemed necessary by counsel in order to secure the property sought to be made liable in the event of a recovery by plaintiffs.

The theory of the defense is that this defective attachment would have rendered a recovery futile; or, at any rate, that the proceedings were of no value to plaintiffs on account of this defect; and so the services were of no benefit.

In view of this issue, the Court charged the jury that the right of recovery depended upon the actual value of the services rendered, *and benefit* conferred. This was erroneous, in reference to this issue, and calculated to mislead the jury, and is evidently the ground on which the verdict turned.

Whether a party obtains a benefit or not from the services of an attorney is not the test of his liability to pay for such services. The services are to be estimated at the reasonable value for such services, as work and labor done, at the request of another. This may be faithfully and intelligently done, with reasonable skill, and yet it may be the party receives no benefit as the result.

The property in this case, for instance, may have perished by accident, or deteriorated by decay, so that no benefit would have resulted to plaintiff from recovery. But the services of the attorney were of precisely the same value to the client, as if he had realized the full benefit of the appropriation of the property or its proceeds to his debts. The attorney does not guarantee the accuracy of all he does, but is only bound for reasonable skill, knowledge and attention to the business intrusted to him; nor is he liable for every mistake that may occur in his practice, nor the results that may follow. If he acts with reasonable diligence, and to the best of his skill and ability, he is not responsible. He is bound, however, to have such reasonable skill and ability

Bills *v.* Polk.

as will enable him to perform the duties he undertakes. For culpable neglect, producing loss, he would be responsible: Wait, Act and Def., vol. 1, 446. The proof shows the possession of competent skill, and the exercise of the utmost zeal and energy in the conduct of this case by Smith. For the reasonable value of these services, he was entitled to be compensated, such value to be fixed by persons having knowledge of the value of such services. Whether they proved of benefit to the defendant's intestate, or not, was not the question, but what was their value, as services or professional work done for him.

Without noticing other questions presented in argument, for this error in the charge of the Court the case will be reversed and remanded for a new trial.